# Supreme Court of Texas

---

No. 22-0751

---

Christina Mitchell Busbee, in her capacity as District Attorney for the 38th Judicial District of Texas (Uvalde & Real Counties),

*Petitioner*,

v.

County of Medina, Texas,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

---

**PER CURIAM**

Medina County holds legal title to real property that was purchased with 38th Judicial District forfeiture funds. The 38th Judicial District Attorney objected to Medina County's proposed sale of the property and, after the County sued to quiet title, brought counterclaims alleging that the County could not sell the property without her consent and that she was entitled to the sale proceeds. The trial court granted the County's plea to the jurisdiction on standing grounds, and the court of appeals affirmed. Because we hold that the

district attorney has constitutional standing to assert her counterclaims, we reverse.

## I. Background

The parties do not dispute the underlying facts. In 1998, the 38th Judicial District encompassed Uvalde, Real, and Medina Counties. That year, the 38th Judicial District Attorney used funds from the District's forfeiture account to buy an office building in Medina County. The property's deed named Medina County as the grantee but restricted the building's use to 38th Judicial District business for as long as the County owned the property. The deed also required the 38th Judicial District Attorney's consent before Medina County could sell the property. The building housed the 38th Judicial District Attorney's office for over two decades.

In 2019, the Legislature divided the 38th Judicial District into two districts, with Medina County comprising the new 454th Judicial District and Uvalde and Real Counties remaining in the 38th. Act of May 27, 2019, 86th Leg., ch. 606, § 1.03, 2019 Tex. Gen. Laws 1775, 1776. As a result, the 38th Judicial District Attorney's Office was no longer in the 38th Judicial District, and the property's deed restricted Medina County from using the building as the new 454th Judicial District Attorney's Office.

The Medina County Commissioners Court decided to sell the building and buy a different property to house the 454th Judicial District Attorney's Office. Mark Haby—the 38th Judicial District Attorney at the time—consented to the building's sale to the Medina County Appraisal District. Medina, Uvalde, and Real Counties agreed

2

that Medina County would split the proceeds from the property's sale between Medina County's forfeiture account and a separate forfeiture account controlled by Uvalde and Real Counties. But Christina Busbee—who had won an election to replace Haby as the 38th Judicial District Attorney but had not yet taken office—notified the Medina County Judge that all proceeds from the property's sale would be 38th Judicial District forfeiture funds under Texas Code of Criminal Procedure Chapter 59[1] and would therefore be state property subject to her administration.

After she was sworn in as the new 38th Judicial District Attorney, and before the sale closed, Busbee informed the County that she did not consent to the property's sale and demanded that the County forward any proceeds from the sale to the 38th Judicial District Attorney forfeiture account immediately. She also filed a notice of lis pendens.

Medina County sued Busbee in her official capacity, seeking to quiet title and to obtain a declaration that it owns the building and has the right to sell it. Busbee asserted several counterclaims, including: (1) to quiet title in the 38th Judicial District Attorney as the rightful owner of the building; (2) breach of contract for the County's attempted sale of the property without her consent and for refusing to pay her the sale proceeds; (3) common-law and statutory fraud for misrepresenting the County's right to sell the property and retain the proceeds; (4) conversion of the sale proceeds that rightfully belong to her; and

---

[1] Chapter 59 subjects "contraband" property to seizure and forfeiture. TEX. CODE CRIM. PROC. art. 59.02(a). "Contraband" generally includes property used in the commission of various felony offenses or acquired with the proceeds from certain offenses. *See id.* art. 59.01(2).

(5) declarations that the property is forfeiture property under Chapter 59, the deed to the County is void, the County has no authority to convey the property or administer or disburse the sale's proceeds, and Busbee's predecessor has no authority to consent to the property's sale or the proceeds' disposition. Busbee also sought a temporary injunction restraining the County from selling the property or, alternatively, requiring the County to place the sale proceeds in the court's registry.

Medina County filed a plea to the jurisdiction as to Busbee's counterclaims.[2] The plea was based primarily on the County's argument that Busbee lacked standing to challenge the administration of forfeiture property under Chapter 59 because that statute vests standing to enforce its terms exclusively with the Attorney General. The County also summarily asserted, but did not brief, that (1) no justiciable controversy existed with respect to Busbee's breach-of-contract and fraud claims because she was not a party to either the 1998 deed or the alleged fraudulent communications, and (2) the County enjoyed governmental immunity from Busbee's suit.

The trial court granted the plea to the jurisdiction on the ground that Busbee lacked standing under Chapter 59 to pursue her claims, which were all "based on Chapter 59." The trial court's order stated that "[n]o other grounds raised in Medina County's Plea to the Jurisdiction have been considered or ruled upon."

The court of appeals affirmed, holding that the trial court correctly determined that Busbee lacks standing under Chapter 59 to

_____

[2] The parties also filed competing motions for summary judgment on their respective claims for declaratory relief.

4

pursue her counterclaims and that the trial court thus lacks subject-matter jurisdiction over those claims. ___ S.W.3d ___, 2022 WL 2960143, at *4 (Tex. App.—San Antonio 2022). The court of appeals reasoned that Chapter 59 authorizes the Attorney General to bring a lawsuit to enforce the chapter's requirements but is silent as to whether district attorneys may also bring such a suit. *Id.* at *3. Accordingly, the court of appeals held that only the Attorney General has standing to bring Chapter 59 enforcement suits. *Id.* at *3-4.

## II. Discussion

The sole issue before this Court is whether Busbee has standing to bring her counterclaims. Busbee challenges the court of appeals' conclusion that Chapter 59's silence as to whether district attorneys are authorized to bring lawsuits enforcing Chapter 59's requirements implies that district attorneys lack standing to do so. Medina County responds that the trial court and court of appeals properly determined that only the Attorney General may bring such a suit. The State of Texas submitted an amicus brief, arguing that whether Busbee falls within the class of persons authorized to sue under Chapter 59 is not a jurisdictional inquiry and that the lower courts thus improperly granted a plea to the jurisdiction on a nonjurisdictional ground. Medina County responded to the State's amicus brief, arguing that Busbee lacks a justiciable interest in the controversy independent of Chapter 59 and that, in any event, a remand is not required because this Court can resolve the remaining jurisdictional issues sua sponte. We agree with the State's argument and reverse solely on that basis.

5

Lack of constitutional standing deprives the trial court of subject-matter jurisdiction. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 773 (Tex. 2020). Standing is thus a threshold jurisdictional issue that parties may raise by a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000) ("The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles . . . ."). The parameters of constitutional standing are well settled, requiring "[1] a concrete injury [2] that is . . . traceable to the defendant's conduct and [3] redressable by court order." *Tex. Bd. of Chiropractic Exam'rs v. Tex. Med. Ass'n*, 616 S.W.3d 558, 567 (Tex. 2021) (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 154-55 (Tex. 2012)).

As we have recently discussed, Texas courts often apply the label "standing" to statutory or prudential considerations that do not implicate subject-matter jurisdiction but rather determine whether a plaintiff falls within the class of persons authorized to sue. *Pike*, 610 S.W.3d at 773-74. We confirmed that such considerations go to the merits of the plaintiff's claim, not the plaintiff's standing to sue in the jurisdictional sense. *Id.* at 774; *see also Tex. Med. Res. v. Molina Healthcare*, 659 S.W.3d 424, 440 (Tex. 2023) ("The integrity of that line [between jurisdictional and merits issues] is fundamental to the working of the civil justice system because a court without subject-matter jurisdiction cannot decide the case at all."). As a result, whether "a plaintiff has . . . 'satisfied the requisites of a particular statute' pertains 'in reality to the right of the plaintiff to relief rather than to the [subject-matter] jurisdiction of the court to afford it.'" *Pike*, 610 S.W.3d at 774

6

(alteration in original) (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000)). By contrast, a plaintiff lacks constitutional standing when her claim of injury is too slight for a court to afford redress. *Id.*

Turning to the allegations here, we hold that Busbee has constitutional standing to assert her counterclaims. For standing purposes, those claims may be grouped into two categories stemming from two alleged injuries. *See McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 913 n.4 (Tex. 2023) (recognizing that although standing is generally considered on a claim-by-claim basis, claims arising from the same alleged injury may be analyzed together).

First, several claims are premised on Busbee's assertion that because the office building was purchased with 38th Judicial District forfeiture funds under Chapter 59, the District Attorney, not Medina County, is the true owner of the property. *See* TEX. CODE CRIM. PROC. art. 59.05(e) (stating that property found to be subject to forfeiture shall generally be forfeited "to the state, with the attorney representing the state [i.e., the District Attorney] as the agent for the state"). As a result, Busbee alleged that the County has no authority to sell the property or administer the proceeds and, alternatively, that any proceeds from the sale are forfeiture funds belonging to the 38th Judicial District Attorney. While we express no opinion on the merits of those claims, Busbee's allegations—that the County is attempting to sell property and retain funds that rightfully belong to the 38th Judicial District Attorney— amount to a concrete injury in fact that is traceable to Medina County's

7

conduct. Further, the injury is "redressable" via the requested judgment either quieting title in the District Attorney's name or declaring that the District Attorney is entitled to the proceeds of the sale.

As noted, the court of appeals held that Busbee lacked standing to pursue these claims, which are "based . . . on Chapter 59," because only the Attorney General may enforce that chapter. 2022 WL 2960143, at *3-4. However, this conclusion confuses constitutional standing with the kind of statutory requisites that determine whether a particular plaintiff has alleged facts that constitute a viable claim, not whether courts have subject-matter jurisdiction to adjudicate that claim. *See Pike*, 610 S.W.3d at 773-74.

The second category of counterclaims is premised on Busbee's assertion that the deed itself prohibits Medina County from selling the office building without the current 38th Judicial District Attorney's consent. As the current 38th Judicial District Attorney, Busbee clearly has standing to assert that the proposed sale violates her rights as expressly stated in the deed.

In short, Busbee has constitutional standing to pursue her counterclaims, and the trial court therefore erred in granting the County's jurisdictional plea on standing grounds. We express no opinion on whether the court of appeals' conclusion about the District Attorney's authority (or lack thereof) to enforce Chapter 59 is correct; we hold only that its conclusion, even if correct, did not deprive Busbee of constitutional standing and thus could not support an order granting a plea to the jurisdiction.

Although the County asserted additional jurisdictional challenges in its plea, neither the trial court nor the court of appeals has considered those additional challenges, and neither party briefs them here. We therefore remand to the trial court to address those challenges in the first instance, and we express no opinion as to their merit.[3]

## III. Conclusion

The trial court erred by granting Medina County's plea to the jurisdiction on standing grounds. Accordingly, without hearing oral argument, we grant the petition for review, reverse the judgment of the court of appeals, and remand the case to the trial court for further proceedings. TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** December 15, 2023

---

[3] The County urges us to address its alternate jurisdictional challenges sua sponte in its response to the State's amicus brief. However, the County does not present substantive legal arguments supporting any of those additional grounds. Remand will afford the County the opportunity to present a court with substantive legal arguments in its favor.